IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RANDY McCAA,

    Plaintiff,

v.

MICHAEL MEISNER, JANEL NICKEL,
KAREN ANDERSON, DAWN LAURENT,
GARY MAIER, DONALD MORGEN,
DR. JENNIFER M. BEHR,
DIVINE SAVIOR HOSPITAL,
and ABC FICTITIOUS INSURANCE CO.,

    Defendants.

ORDER

13-cv-574-bbc

---

  In an August 26, 2013 order, I assessed plaintiff Randy McCaa $48.18 as an initial partial payment of the $350 fee for filing this case and instructed him to submit this amount by September 18, 2013, or the case would be closed.  Now plaintiff has submitted a motion for reconsideration of that order, arguing that the initial partial payment should be $7.00, the amount that he was assessed as an initial partial payment in case no. 13-cv-504-bbc.  Court records show that plaintiff was indeed assessed a $7.00 initial partial payment in that case.

  I will deny plaintiff's motion for reconsideration because the initial partial payment in the current case was correctly calculated.  28 U.S.C. § 1915(b)(1) states in relevant part:

> The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—
> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

The court correctly calculated 20% of plaintiff's average monthly balance to be $48.18, which was higher than 20% of the average monthly deposits made to his account, $11.74.  Under § 1915(b)(1), the court was required to assess $48.18 as the initial partial payment.

In case no. 13-cv-504-bbc, not only was the financial information provided by plaintiff slightly different (plaintiff's trust fund account statement in case no. 13-cv-504-bbc included information running from January 9, 2013, whereas the trust fund account statement in case no. 13-cv-574-bbc included information running from February 11, 2013), but the information provided by plaintiff in case no. 13-cv-504-bbc did not include information regarding plaintiff's average monthly balance for the relevant time period, so the court instead assessed the initial partial payment based on his average monthly deposits. These factors explain the discrepancy in the initial partial payments in the two cases. There is no reason to change the amount assessed in this case. Because plaintiff has already submitted the $48.18 initial partial payment to the court, plaintiff's complaint is under advisement for a determination under § 1915(e)(2) whether his action or any portion of it must be dismissed as frivolous or malicious, for failure to state a claim on which relief may be granted or because plaintiff seeks monetary relief against a defendant who is immune from such relief.

ORDER

IT IS ORDERED that plaintiff Randy McCaa's motion for reconsideration of the court's August 26, 2013, dkt. #9, is DENIED.

Entered this 7th day of October, 2013.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge