IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RANDY McCAA,

               Plaintiff,

      v.

MICHAEL MEISNER, JANEL NICKEL,
KAREN ANDERSON, DAWN LAURENT,
GARY MAIER, DONALD MORGEN,
JENNIFER M. BAHR, DIVINE SAVIOR HOSPITAL
and ABC FICTITIOUS INSURANCE CO.,

               Defendants.

OPINION AND ORDER

13-cv-574-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se prisoner Randy McCaa has filed a proposed complaint under 42 U.S.C. § 1983 in which he contends that each of the defendants violated his rights under the Eighth Amendment.  In addition, he has filed another document that seems to be a proposed amended complaint in which he seeks to assert more claims against two of the defendants.

In his original complaint, plaintiff raises two types of claims under the Eighth Amendment.  First, he alleges that he intentionally overdosed on pills three times between July 2011 and July 2012, but various prison officials at the Columbia Correctional Institution did not adopt any "safety protocols" to prevent him from overdosing in the future, such as crushing up his pills so he could not stockpile them or giving him medication in liquid form.  As a result of defendants' alleged inaction, plaintiff says he overdosed again

on October 20, 2012.  Second, plaintiff says that a hospital doctor in the emergency room gave him only minimal treatment after the October 2012 overdose because she was tired of treating plaintiff for the same thing and wanted to deter him from returning.

In his new filing, he alleges new facts about his treatment at the hospital in October 2012.  He raises new claims against defendants Jennifer Bahr and Divine Savior Hospital under 42 U.S.C. § 1395dd and state law.

Plaintiff has made an initial partial payment of the filing fee in accordance with 28 U.S.C. § 1915(b)(1), which means his pleadings are ready for screening.  Under 28 U.S.C. § 1915A, I must determine whether they state a claim upon which relief may be granted.

I cannot allow plaintiff proceed until he fixes multiple problems with his filings.  With respect to his original complaint, the question for his Eighth Amendment claim against the prison officials is whether the officials were aware of a substantial risk of harm and consciously refused to take reasonable measures to prevent the harm.  Farmer v. Brennan, 511 U.S. 825 (1994).  However, plaintiff does not allege that any of the officials were present at the time that he took the pills or otherwise knew that he was stockpiling pills.  Although he says that he wrote to each of them, this was not until *after* the last incident occurred in October 2012.  If defendants were still in a position to take action to protect plaintiff, their knowledge after October 2012 could be relevant to a request for injunctive relief.  However, plaintiff alleges that all of the defendants are employed at the Columbia Correctional Institution and he has since been transferred to the Green Bay Correctional Institution, so any request for injunctive relief is moot.  Ortiz v. Downey, 561 F.3d 664, 668

2

(7th Cir. 2009).

Plaintiff seems to assume that each of the prison officials was aware of the three incidents between July 2011 and July 2012 at the time they occurred, but he provides no basis for that belief.   Even at the pleading stage, a plaintiff cannot sustain a claim by simply guessing that a particular defendant violated his rights.  Engel v. Buchan, 710 F.3d 698, 709 (7th Cir. 2013) ("[T]he plaintiff must allege more than a sheer possibility that a defendant has acted unlawfully.").  Accordingly, I am dismissing the complaint as to this claim under Fed. R. Civ. P. 8 for failing to provide fair notice.  If plaintiff wishes to pursue this claim, he must file an amended complaint in which he explains why he believes that each defendant knew *before* October 20, 2012 about his previous overdoses.

With respect to plaintiff's Eighth Amendment claim against the emergency room doctor and the hospital (defendants Jennifer Bahr and Divine Savior Hospital), an individual can be sued under § 1983 for violations of the Constitution only if she is acting "under color of law," which means that her conduct must be "fairly attributable to the state."  National Collegiate Athletic Association v. Tarkanian, 488 U.S. 179, 199 (1988); Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982); Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).  Plaintiff does not allege that defendant Bahr was a state employee or otherwise had a contract with the state to provide medical services to prisoners, which are the most common ways of showing that an individual acted under color of law.  E.g., West v. Atkins, 487 U.S. 42 (1988).  Although those are not the only ways, an individual cannot be sued under § 1983 simply because she provided a service to a prisoner.  With respect to emergency room

3

physicians in particular, the Court of Appeals for the Seventh Circuit has stated that they are not acting under color of law because they have not "entered into a specific voluntary undertaking to assume the state's special responsibility to incarcerated persons." Rodriguez v. Plymouth Ambulance Service, 577 F.3d 816, 827-28 (7th Cir. 2009). Accordingly, I am dismissing plaintiff's complaint as to his Eighth Amendment claim against defendants Bahr and Divine Savior Hospital.

Perhaps realizing that he could not sue the doctor or hospital under § 1983, plaintiff filed another document that seems to be a proposed amended complaint in which he alleges new facts and asserts new claims against those two defendants. However, he did not incorporate his other allegations or claims into the proposed amended complaint. This is a problem because, once a plaintiff files an amended complaint, it "supersedes an original complaint and renders the original complaint void." Flannery v. Recording Industry Association of America, 354 F.3d 632, 638 (7th Cir. 2004). See also Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 1999)("[W]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward."). In other words, a case may have one operative pleading only; a plaintiff may not add to a complaint in piecemeal fashion. As I have informed other pro se plaintiffs, "parties are not allowed to amend a pleading by simply adding to or subtracting from the original pleading in subsequent filings scattered about the docket. If [plaintiffs] wish to amend their complaint, they must file a proposed amended complaint that will completely replace the original complaint. . . . [T]here can be only one operative complaint in the case." Boriboune

4

v. Berge, No. 04-C-15-C,  2005 WL 256525, *1  (W.D. Wis. Jan. 31, 2005).

The reason for such a rule is plain enough.  If the "operative pleading" consists of multiple documents, the scope of the plaintiff's claims becomes unclear and it becomes difficult if not impossible for the defendants to file an answer.  To avoid ambiguity, the complaint must be self-contained.

Accordingly, I will give plaintiff an opportunity to amend his complaint so that he may file a single pleading that encompasses *all* of his claims.  Before doing so, he should carefully consider whether he has included all of the necessary allegations against every defendant he wishes to sue.

## ORDER

IT IS ORDERED that plaintiff Randy McCaa's complaint is DISMISSED WITHOUT PREJUDICE for his failure to provide fair notice of his claim.  Plaintiff may have until November 1, 2013, to file an amended complaint that addresses the problems discussed in this order.  If plaintiff does not respond by November 1, 2013, I will dismiss the federal claim for plaintiff's failure to state a claim upon which relief may be granted and

issue a strike in accordance with 28 U.S.C. § 1915(g).

Entered this 18th day of October, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge