IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RANDY McCAA,

                    Plaintiff,

     v.

MICHAEL MEISNER, JANEL NICKEL,
KAREN ANDERSON, DAWN LAURENT,
GARY MAIER, DONALD MORGEN,
JENNIFER M. BAHR, DIVINE SAVIOR HOSPITAL
and ABC FICTITIOUS INSURANCE CO.,

                    Defendants.

ORDER

13-cv-574-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Randy McCaa has responded to the court's order dated November 19, 2013, dkt. #20, in which I dismissed plaintiff's federal claims a second time because he had failed to include the facts necessary to state a claim upon which relief may be granted. I gave plaintiff one more opportunity to file an amended complaint that addressed the problems noted by the court. In addition, I told plaintiff that, if he did not respond to the order or filed an amended complaint that did not correct the problems, I would dismiss the complaint with prejudice and assess a strike under 28 U.S.C. § 1915(g).

In his response, plaintiff has filed a document in which he says that he wants to "dismiss the whole case." Accordingly, I will dismiss all of plaintiff's federal claims with prejudice. In accordance with 28 U.S.C. § 1367(c)(3), I decline to exercise jurisdiction over

plaintiff's state law claim. Groce v. Eli Lilly & Co., 193 F.3d 496, 501 (7th Cir.1999) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial.").

Although I told plaintiff that I would assess a strike under § 1915(g) if he failed to fix the problems with his complaint, I believe that was a mistake. Section 1915(g) applies when a prisoner brings "an action" that is dismissed because it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." In other words, "a strike is incurred for an action dismissed *in its entirety* on one or more of the three enumerated grounds," not when only some of the claims are dismissed for one of those reasons. Turley v. Gaetz, 625 F.3d 1005, 1008-09 (7th Cir. 2010) (emphasis added). Because I am dismissing plaintiff's state law claim under § 1367 for jurisdictional reasons and a dismissal under § 1367 is not one of the grounds listed in § 1915(g), this means that I am not dismissing plaintiff's "action" for failure to state a claim upon which relief may be granted. Accordingly, I am not assessing a strike in this case.

ORDER

IT IS ORDERED that

1. Plaintiff Randy McCaa's federal claims are DISMISSED WITH PREJUDICE for his failure to state a claim upon which relief may be granted.

2. In accordance with 28 U.S.C. § 1367(c)(3), plaintiff's state law claim is

DISMISSED WITHOUT PREJUDICE to his refiling it in state court.

3. The clerk of court of court is directed to enter judgment accordingly and close this case.

Entered this 9th day of December, 2013.

>BY THE COURT:
>/s/
>BARBARA B. CRABB
>District Judge